FILED

**NOT FOR PUBLICATION**

OCT 02 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>         Plaintiff - Appellee, <br><br>   v. <br><br> LORI WEBB KNUDSEN, <br><br>         Defendant - Appellant. | Nos. 12-30258 <br>       12-30331 <br><br> D.C. No. 4:12-cr-00004-SEH <br><br> MEMORANDUM[*] |
| UNITED STATES OF AMERICA, <br><br>         Plaintiff - Appellee, <br><br>   v. <br><br> STEVEN LLOYD KNUDSEN, <br><br>         Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted September 24, 2013[**]

Before:    RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

In these appeals, Lori Webb Knudsen ("Lori") appeals from the 27-month sentence imposed following her guilty-plea conviction for conspiracy to commit bank and fraud bank fraud, in violation of 18 U.S.C. §§ 371 and 1344. Steven Lloyd Knudsen ("Steven") appeals from the 35-month sentence imposed following his guilty-plea conviction for conversion of secured property and Federal Agricultural Loan Guarantee fraud, in violation of 18 U.S.C. §§ 658 and 1001(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and in both appeals we affirm.

Lori contends that the district court erred by denying her request for a mitigating role adjustment pursuant to U.S.S.G. § 3B1.2(b). The record reflects that the court properly compared Lori's conduct to Steven's conduct in assessing whether to grant the adjustment. *See United States v. Cantrell*, 433 F.3d 1269, 1283 (9th Cir. 2006). Because Lori failed to prove that she was substantially less culpable than Steven, the district court did not clearly err by denying the adjustment. *See* U.S.S.G. § 3B1.2 cmt. n.3(A); *Cantrell*, 433 F.3d at 1282-83.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, Steven Knudsen's request for oral argument is denied.

2                                    12-30258 & 12-30331

Steven contends that the district court erred when it applied a two-level aggravating role enhancement under U.S.S.G. § 3B1.1(c).  He argues that the court erred by relying on his admission at the change of plea hearing that he was responsible for the offense, and claims that the record does not otherwise support the enhancement.  Contrary to Steven's contention, the record reflects that Lori acted at his direction.  Accordingly, the court did not clearly err by applying the adjustment.  *See United States v. Maldonado*, 215 F.3d 1046, 1050 (9th Cir. 2000).

Lori and Steven also contend that their respective sentences are substantively unreasonable in light of their background, lack of criminal history, low risk for recidivism, and their inability to pay restitution while incarcerated.  The district court did not abuse its discretion in imposing the sentences.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  The sentences imposed were within the advisory Sentencing Guidelines range and are substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances.  *See id*.

**AFFIRMED.**

12-30258 & 12-30331